UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE AB 51,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOE 1, a corporation; et al,<br><br>　　　　Defendants. | No. 2:24-cv-03488-DJC-CSK<br><br><br>ORDER |

Pending before the Court is Plaintiff Jane Roe AB 51's Motion to Remand the instant action to Stanislaus County Superior Court following Defendant Church of Jesus Christ of Latter-day Saints' Notice of Removal to federal court. Plaintiff argues that remand is proper because this Court lacks subject matter jurisdiction over the matter. Defendant contends that remand is improper here because complete diversity exists amongst the parties, due to the Modesto Stake not being independent of the Church Corporation for jurisdictional purposes. For the reasons discussed below the Court DENIES Plaintiff's Motion to Remand.

I.   **Background**

Plaintiff brings the instant action for childhood sexual abuse pursuant to California Code of Civil Procedure § 340.1(a)–(d). (Compl. (ECF No. 1, Ex. A) ¶ 13.)

1

She initiated the matter in the Superior Court of the State of California, County of Stanislaus against Doe 1, Doe 2, Doe 3, and Does 4–100. (*See generally id.*) Section 340.1 requires that all named Defendants are listed as "Does." *See* Cal. Code Civ. Proc. § 340.1(k). However, in the Notice of Removal Defendant states that Doe 1 is the Church of Jesus Christ of Latter-day Saints, Doe 2 is the Temple Corporation of the Church of Jesus Christ of Latter-day Saints, and Doe 3 is the Modesto California North Stake of the Church of Jesus Christ Latter-day Saints, a religious entity and ecclesiastical unit of the Church Corporation. (*See* Not. Removal (ECF No. 1) ¶¶ 8–11.) The Court granted the Defendant's Ex Parte Application to name Doe Defendants 1, 2, and 3; thus, their identities are known to the Court. (ECF No. 26.)

The allegations in this case are deeply concerning. In her Complaint, Plaintiff contends that as a minor child and member of Defendants' Church, she was groomed and sexually abused by perpetrators who held leadership positions in the Church Corporation's "Aaronic Priesthood." (*See* Compl. ¶¶ 2,5.) Plaintiff alleges that her abuse spanned years, and that Defendants knew of the abuse, concealed it and failed to report it to authorities. (*See id.* ¶¶ 2, 37.) Plaintiff brings the following claims against all Defendants: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; and (4) negligent failure to warn, train or educate. After the matter was removed to this Court, the Parties stipulated to dismissing the Plaintiff's fifth cause of action for breach of mandatory duties with prejudice and striking the prayer for attorneys' fees with prejudice. (ECF No. 35.)

The relationship between the Defendants is as follows: the Church Corporation is a Utah-incorporated 501(c)(3) nonprofit entity, and the Temple Corporation is an integrated auxiliary of the Church. The Church Corporation authorizes and selects leaders to minister their members in regional "stake" entities that oversee congregations known as "wards." (Mot. (ECF No. 10) at 2–3.) There are approximately one hundred and forty-seven stakes in California. (*Id.* at 2.) Plaintiff and the alleged perpetrators were members of the Stake in Modesto, California ("Modesto Stake").

(*Id.*) Each stake is led by a stake president who leads councils and oversees committees relating to youth engagement. (*See id.* at 3.) The stake president also is charged with addressing matters of child sex abuse. (*Id.*) Defendant further explains that the Church Corporation is the secular embodiment of the ecclesiastical church that hires and pays employees, holds title to assets, receives donations, has a registered agent, and can sue and be sued. (Decl. of Branden Wilson (ECF No. 1-13) ¶ 12; Opp'n (ECF No. 12) at 3.)

Before Plaintiff could serve process on any of the Defendants (Mot. at 9), the Church Corporation removed the matter to federal court asserting that diversity jurisdiction exists pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff then filed the instant Motion to Remand the action back to state court. Plaintiff argues that complete diversity does not exist because the Modesto Stake is an unincorporated association distinct from the Church Corporation with citizenship identical to the California-based Plaintiff, that the Church Corporation has failed to show that the Modesto Stake is fraudulently joined, and that the Church Corporation engaged in improper snap removal. The Court held oral argument on February 20, 2025, with Sarah Meier appearing on behalf of Plaintiff and Lisa Trépanier appearing on behalf of Defendant. Following oral argument, the Court took this matter under submission.[1]

## II. Legal Standard

A defendant may remove a state court civil action to federal court so long as that case could originally have been filed in federal court, based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Diversity jurisdiction typically exists where

---

[1] Defendant requests that the Court take judicial notice of a California Secretary of State search result for "Modesto California North Stake" obtained from the official California Secretary of State Business Search website. (ECF Nos. 12-3, 12-4). The Court GRANTS the request pursuant to Federal Rule of Evidence Rule 201(b)(2). *See Cochran v. Air & Liquid Sys. Corp.,* No. 2:21-cv-09612-MEMF-PD, 2022 WL 7609937, at *3, n. 5 (C.D. Cal. Oct. 13, 2022) ("Courts routinely take judicial notice on file with a state's Secretary of State and/or results generated from a Secretary of State Business Search.").

3

there is an amount in controversy exceeding $75,000 and every plaintiff is diverse from every defendant. *See* 28 U.S.C. § 1332.

The removal statute is strictly construed against removal jurisdiction. *Grancare, LLC v. Thrower by and through Mills,* 889 F.3d 543, 550 (9th Cir. 2018) (citation omitted). Removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal in the first instance. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction, *see Geographic Expeditions*, 599 F.3d at 1106–07; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), but the district court shall remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

### III.   Discussion

Plaintiff argues that remand is proper because the Modesto Stake is a California citizen, so complete diversity does not exist. Plaintiff further argues that the Modesto Stake is a forum defendant such that removal is improper. The Church Corporation argues that remand is improper because the Modesto Stake is part of the Church Corporation and would share the Church Corporation's citizenship in Utah.

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists for suits seeking more than $75,000 and where the citizenship of each plaintiff is diverse from that of each defendant. *See Hunter,* 582 F.3d at 1043 (citing 28 U.S.C. § 1332(a)). Where a party is a natural person, citizenship is based on the state in which that individual is domiciled. *Kanter v. Warner-Lambert, Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Where a party is a corporation, citizenship is established in every state where it is incorporated and the

4

state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Unlike an incorporated subsidiary, an unincorporated division of a corporation "is not an independent entity for jurisdictional purposes" because "it does not possess the formal separateness upon which the general rule is based." *Breitman v. May Co. California,* 37 F.3d 562, 564 (9th Cir. 1994) (citation omitted). As such, an unincorporated division maintains the same citizenship as its parent. *See id.*

### A. Amount in Controversy

First, neither party disputes that the amount in controversy here exceeds $75,000, nor does the Court have reason to question the amount. Although California law prevents Plaintiff from alleging specific damages in this instance, it is likely that the amount in controversy here would exceed $75,000 for the "egregious sexual and emotional abuse of a child." (Compl. ¶ 1.) Where the amount in controversy is not contested by the plaintiff, it is generally satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 83 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Thus, this requirement is satisfied.

### B. Complete Diversity

#### 1. Modesto Stake's Citizenship (Doe 3)

There is no dispute that the Church Corporation and Temple Corporation are incorporated in Utah with principal places of business in Utah.[2] Rather, the dispute centers around the status of the Modesto Stake and whether its status destroys complete diversity such that remand is proper. Plaintiff contends that the Modesto Stake is an "unincorporated association" with its principal place of business in California that should be considered separately from the Church Corporation. The

---

[2] Nor is there any dispute that Plaintiff is a citizen of California. *See NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 614 (9th Cir. 2016) ("[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged.").

5

Church Corporation argues that the Modesto Stake should be treated as a division of the Church because it has no legal existence apart from it.

An unincorporated division of a corporation "is not an independent entity for jurisdictional purposes" because "it does not possess the formal separateness upon which the general rule is based." *Breitman*, 37 F.3d at 564. Thus, it maintains the citizenship of its parent. *See id.* In the Ninth Circuit, courts have applied this rule to disregard divisions of corporations for jurisdictional purposes. *See Roe Sr. 3 v. Church of Jesus Christ of Latter-Day Saints,* No. 5:24-cv-07119-EJD, 2025 WL 339162, at *2 (N.D. Cal. Jan. 30, 2025) (collecting cases). Several district courts, when faced with the same question of a California-based stake's status, have applied *Breitman* to find that stakes are not independent of the Church Corporation for jurisdictional purposes. *See, e.g., Roe AJ 1 v. Church of Jesus Christ Latter-Day Saints,* No. 2:24-cv-02990-DC-CSK, 2025 WL 268882, at *2 (E.D. Cal. Jan. 22, 2025); *Jane Roe MB 69 v. Doe 1, et al.,* No. 8:24-cv-02395-JVS-DFM, 2025 WL 415344, at *3–4 (C.D. Cal. Feb. 6, 2025); *Roe Sr. 3*, 2025 WL 339162, at *2–3.

Here, Plaintiff argues that the Modesto Stake is an organic entity. Specifically, the stake has a stake president, maintains its own stake center and records, holds stake conferences for all the wards within its supervision and receives reports from Bishops about the welfare of their congregation. (Mot. at 3.) The stake president is also the party responsible for addressing matters of child sexual abuse. (*Id*.) However, Plaintiff's Complaint also alleges that the "the divisions of the [Church Corporation] are the wards, stakes and areas" and that the Modesto Stake "operates, maintains and manages [the Church Corporation's] congregations and wards within Stanislaus County at the direction of and under the control of [the Church Corporation]." (Compl. ¶¶ 5–7.) Moreover, any leadership within the stakes answer to the governing leadership of the Church Corporation. (*See id*. ¶¶ 21–26.) The Church Corporation is also the entity that receives donations and determines where and how to distribute it amongst the various stakes. (*See id*. ¶ 9.) Furthermore, the Modesto

Stake is unincorporated, has no registered agents in California, and lacks any assets of its own (Not. Removal at 4–5).³ *Compare Geppert v. Church of Jesus Christ of Latter-Day Saints, Inc.,* No. 4:23-cv-05763-JSW, 2024 WL 495255, at *3 (finding that the defendant was a corporate entity separate from the Church corporation with its own Articles of Incorporation that was created for the sole purpose of holding property). Additionally, the Church Corporation assumes all claims arising from the activities of the Church or its agents, including the stakes. (Not. Removal at 3.) Thus, it appears that the Modesto Stake is a division of the Church Corporation for purposes of jurisdiction.

Plaintiff argues that the Modesto Stake could be classified as an unincorporated association under California law.⁴ Therefore, it can be sued as a separate legal entity with this principal place of business in California. If this argument is correct, there is not complete diversity and the Court lacks jurisdiction over the action.

Plaintiff suggests the Court should apply the test outlined in *Barr v. United Methodist Church*, 90 Cal. App. 3d 259, 266 (1979), which held that an unincorporated association exists where (1) a group whose members share a common purpose, and (2) function under a common name under circumstances where fairness requires the group to be recognized as a legal entity. In *Barr,* the California Court of Appeal assessed whether the United Methodist Church, which was financially responsible for the operations of a retirement home corporation, could be sued as an unincorporated association. *Id.* 262–63. The Court first determined that the UMC "was a highly organized religious body working through specific agencies to accomplish laudable goals." *Id.* at 270. The Court also acknowledged that although UMC was a religious institution, it chose to involve itself in commercial activity relating

---

³ Contrary to Plaintiff's assertion that the Modesto Stake is registered to do business in California, Defendant has provided judicially noticeable documentation to the contrary. (ECF No. 12-4).

⁴ Under California Code of Civil Procedure § 369.5(a), an unincorporated association "may sue and be sued in the name it has assumed or by which it is known." Cal. Code Civ. Proc. § 369.5(a).

7

to "the health and welfare of the elderly or infirm", enjoyed the benefits of such economic pursuit, and had even engaged in lawsuits itself to protect its interests. *Id.* at 271–272. Thus, in that case, fairness required that UMC be amenable to suit. Taking these considerations together, the Court found that the UMC could be sued as an unincorporated association.

Plaintiff also relies on the decision in *Church Mutual Ins. Co., S.I. v. GuideOne Specialty Mutual Ins. Co.,* 72 Cal. App. 5th 1042, 1062 (2021), *as modified on denial of reh'g* (Jan. 11, 2022), in which the California Court of Appeal applied the *Barr* criteria and affirmed the trial court's holding that a local congregation of the hierarchical Church of God was a separate entity from the broader church. This finding was made in the broader context of an insurance dispute. Essentially, the court reasoned that because the hierarchical church, the regional church and the local congregation were separate legal entities, the regional church was not an "insured" entitled to recovery for fire damage to a church building under the property insurance policy issued to the local congregation. *See id.* at 1060–63. The Court concluded fairness required that the local congregation be considered a separate legal entity because the insurance company had dealings with the association distinct from the Church of God: namely, it purchased the property in question, insured the property, and made premium payments for 18 years to the insurance company. *Id.* at 1059. Moreover, the court observed that the local congregation had disaffiliated from the Church prior to the insurance dispute. *Id.* at 1063.

Here, the Modesto Stake membership arguably consists of individuals who share a common purpose. However, unlike in *Barr* and *Church Mutual*, principles of fairness do not mandate that the Modesto Stake be treated as a separate legal entity. As previously discussed, the Modesto Stake owns no property, holds no financial assets, has leadership that is subject to the control of the Church Corporation, and has not undertaken any project that it, alone and apart from the broader Church corporation, benefitted from economically. Further, the Church Corporation would

have access to any documentation or files that the Modesto Stake possessed for purposes of discovery. Lastly, there is no indication that the Modesto Stake has been considered an entity separate from the Church Corporation, as evidenced by its lack of incorporation. Although the alleged incidents took place at the Modesto Stake, there are no allegations that specifically relate to the Stake itself. When pressed at oral argument, counsel for Plaintiff could not point to any practical effect that would arise from failing to recognize the Modesto Stake as an independent legal entity. And while counsel for the Church Corporation understandably denied liability for the Church, she represented there were not barriers related to the Church's corporate structure that would serve as affirmative defenses against liability. (*See also* Decl. of Lisa Dearden Trépanier (ECF No. 12-1) ¶ 5 (noting that stakes do not maintain records, but if any exist those belong to the Church and would be produced to Plaintiff subject to any objections or privileges).) Thus, is not apparent to the Court that fairness requires the Modesto Stake to be recognized as a legal entity under these circumstances.

    In sum, the Court concludes that *Church Mutual* and *Barr* do not require finding the Modesto Stake as an independent, legal entity. Rather, the Modesto Stake is more properly understood as a division of the Church Corporation as described in *Breitman*. *See Roe Sr. 3,* 2025 WL 339162, at *3 (finding that the *Church Mutual* did not require finding the local stake as an independent, legal entity). The Court thus joins those district courts that have concluded that stakes of the Mormon Church do not have citizenship for purposes of determining whether complete diversity exists among the parties. *See Roe AJ 1*, 2025 WL 268882, at *3; *Jane Roe MB 69*, 2025 WL 415344, at *4–5; *Jane Roe Sr. 3*, 2025 WL 339162, at *3; *Roe JB 65 v. Church of Jesus Christ Latter-day Saints*, No. 3:24-cv-02349-AJB-MSB, 2025 WL 720187, at *4 (S.D. Cal. Mar. 6, 2025); *John Roe DG 59 v. Doe 1*, No. 5:24-cv-02559-SSS-SHKx, 2025 WL 876700, at *3 (C.D. Cal. Mar. 20, 2025); *John Roe CS 88 v. Doe 1*, No. 2:24-cv-11154-JFW-SSCx, 2025 WL 485121, at *3 (C.D. Cal. Feb. 13, 2025).

### C. Snap Removal

Lastly, Plaintiff argues that remand is proper here because the Church Corporation removed the action prior to the formal service of any Defendant. The Court recognizes and takes seriously the gamesmanship that may arise from snap removal in circumventing the forum defendant rule. However, the Ninth Circuit has held that "a defendant may remove a state-court action once it receives a copy of the complaint; it does not have to wait for formal service." *Mayes v. Am. Hallmark Ins. Co. of Texas,* 114 F.4th 1077, 1078 (9th Cir. 2024). Moreover, the Court determines that remand is improper here because the Modesto Stake is a division of the Church, and not a California citizen such that the forum-defendant rule would be applicable. And because the Court has recognized the citizenship of the Doe Defendants (ECF No. 26), the "sequence of service and removal does not make a difference." *See Edwards v. UPS,* No. 2:24-cv-01283-KJM-DMC, 2024 WL 4132664, at *3 (E.D. Cal. Sept. 10, 2024) (explaining that where a case is "otherwise removable" under the removal statute because the parties are completely diverse the order of removal versus service does not require remand). Ultimately, the snap removal here does not require remand.

### IV. Conclusion

Accordingly, the Court DENIES Plaintiff's Motion to Remand (ECF No. 10).

IT IS SO ORDERED.

Dated: **April 8, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE